JOHN R. SNYDER

v.

JANE M. ACKERMAN et al.

Land was conveyed in fee with a provision in the deed that the grantee was not to have the right to sell or dispose of it during the lifetime of the grantor or his wife, "but [the land] is to remain in the possession of" said grantor and his wife during their natural lives, and after their deaths to said grantee, his heirs and assigns forever. The grantor's wife is living, but her husband is dead, and the grantee is also dead.—*Held*, that the grantee had power in his lifetime to mortgage his interest in the premises, although he could not sell or dispose thereof in the lifetime of the grantor and his wife.

Bill to foreclose. On final hearing on pleadings and stipulation of counsel.

*Messrs. Campbell & Debaun*, for complainant.

*Mr. P. W. Stagg*, for answering defendants.

THE CHANCELLOR.

The question presented for decision is whether the mortgage is a valid lien on one of the tracts described therein. The objection is based on the claim made by the defendants that the mortgagor, Cornelius D. Ackerman, had no right to mortgage that tract when the mortgage was given, which was June 1st, 1870. The property was conveyed to him by David Ackerman, Jr., by a deed given April 30th, 1858, purporting to convey it to him in fee, but containing the following provision:

"The true intent and meaning of this deed is this: That the said Cornelius D. Ackerman is not to have the right to sell or dispose of said lot of land during the lifetimes of said David Ackerman, Jr., or Agnes, his wife, but is to remain in the possession of the said David Ackerman, Jr., and Agnes, his wife, during their natural lives, and after their deaths to the said Cornelius D. Ackerman, his heirs and assigns forever."

The intention of the parties to the deed is manifest. It was to give a title in fee to Cornelius D. Ackerman, subject to an indefeasible right of possession in the grantor, David Ackerman, Jr., and Agnes, his wife, for their respective lives. The latter did not join in the deed. She is living, but David Ackerman, Jr., her husband, is dead, and the grantee is also dead. The restraint· upon the power of alienation and disposition of the property was evidently intended to protect the possession which the grantor reserved. The grantee, however, neither sold nor disposed of the property, but he mortgaged it, pledged his interest in it, for the payment of a debt.· Though ᴠunable to sell or dispose of the property in the lifetime of the grantor and his wife, he had an interest which he might thus pledge. *Neligh* v. *Michenor, 3 Stock. 539; Sinclair* v. *Armitage, 1 Beas. 174; Bacon* v. *Bonham, 12 C. E. Gr. 209; S. C. on appeal, 6 Stew. Eq. 614.* What may be the effect of the giving of the mortgage upon the estate conveyed to him by the deed—if, indeed, it affects it at all— is not a question to be decided or considered in this suit, which is for the foreclosure of the equity of redemption of his widow (who joined in the mortgage) and his heirs in the property, and the sale of their interest therein.

· There will be a decree in accordance with these views.